Submitted on records and briefs March 29, affirmed April 15, 1974

In the Matter of the Dissolution of the Marriage of
SCHOLL, *Respondent, and* SCHOLL (No. 72 4891),
*Appellant.*
521 P2d 24

David M. Logan and Logan & Spickerman, Eugene, for appellant.

Robert K. Naslund and Naslund & Armstrong, Springfield, for respondent.

Before Schwab, Chief Judge, and Foley and Tanzer, Judges.

FOLEY, J.

This is an appeal from a final decree in a dissolution of marriage case. The decree awarded custody of three minor children to the respondent, their mother. Appellant-husband was ordered to pay monthly support in the amount of $150 per child until such child reaches age 21, marries, dies or otherwise becomes emancipated. The children were aged 19, 13 and 11 at the time of trial in June 1973. The oldest minor will become 21 on August 11, 1974. Appellant was also ordered to pay support for respondent of $250 per month for three years or until her death or remarriage. Appellant challenges the amounts of support he is required to pay.

The parties had been married 28 years before dissolution of their marriage and have six children. Respondent-wife, 46, had attended Pacific University for one year prior to marrying. She worked for short periods at several jobs during the early years of her marriage, but has apparently not held a regular job for many years. Appellant, 47, attended college for five years and holds a degree in watchmaking technology from Oregon Technical Institute. He owns two jewelry stores in the Springfield-Eugene area. Mrs. Scholl kept the books for her husband's business, but does not feel adequately prepared to hold a position as a bookkeeper. She is attending Lane Community College, studying accounting. She stated that her goal is to learn a skill which will enable her to become financially independent in five years.

The only issue is whether the amounts of sup-

port awarded are too high. Respondent estimated her monthly expenses to be $852, not including $41 per month for tuition. The trial court awarded her for child support and for her own support a total of $700 per month which will be reduced to $550 in August 1974, and to $300 in July 1976. In addition, she receives $85 per month income from rental property, and $39.18 per month from a real estate contract, both of which were awarded to her by the trial court's decree. Her total monthly income of almost $825, while not meeting her stated needs, would appear to be adequate to support four people, particularly in light of the fact that she received a 1972 automobile which is paid for and about $1,600 in cash.

Appellant's disposable income varies. The net, pre-tax income from the business has varied from a high of $18,555 in 1968 to a low of $12,397 in 1972. He suffered an uninsured loss of over $7,000 in a robbery in 1972, however. Without that, his income might have been closer to $19,000 than $12,000. His federal taxes have varied from $1,565 in 1972 to $2,310 in 1970 on an income of $17,068. It should also be noted that during the first five months of 1973 he reduced his indebtedness by $4,000. He pays $225 room and board monthly. These figures indicate that his disposable monthly income should be at least $1,000, and will probably be higher.

While the support awarded by the trial court could leave appellant with about $300 per month when his business is not doing well, it appears that normally he will have more than that. Additionally, the support required will be reduced in stages beginning in August 1974. We cannot improve upon the trial court's award.

Affirmed. No costs to either party.